UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-mj-8746-SMM

UNITED STATES OF AMERICA

v.

TEMIRZHAN SHAKENOV,

Defendant.
______________________________/

FILED BY SW D.C.
Sep 24, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

2. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

4. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? ☐ Yes ☑ No

5. Did this matter involve the participation of or consultation with Magistrate Judge Brandy Brentari Galler during her tenure at the U.S. Attorney's Office, which concluded on July 30, 2026? ☐ Yes ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: [signature]

JAMES LARUSSO
SPECIAL ASSISTANT UNITED STATES ATTORNEY
District Court No. A5503543
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1053
Email: James.LaRusso@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

United States of America
v.
Temirzhan Shakenov,

*Defendant(s)*

Case No. 26-mj-8746-SMM

FILED BY SW D.C.
Sep 24, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 28, 2026 and August 29, 2026, respectively, in the counties of Palm Beach, Miami-Dade, and elsewhere, in the Southern District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 659 | Theft from an Interstate Shipment |
| 18 U.S.C. § 2314 | Interstate Transportation of Stolen Goods |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

[signature: Louise Miller]
*Complainant's signature*

Special Agent Louise Miller, HSI
*Printed name and title*

Sworn and Attested to me by Applicant by Telephone (FaceTime) pursuant to Fed. R. Crim. P. 4(d) and 4.1

Date: September 24, 2026

[signature: Shaniek Maynard]
*Judge's signature*

City and state: West Palm Beach, FL

Hon. Shaniek Mills Maynard, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Louise Miller (the "Affiant"), first being duly sworn, hereby depose and state:

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been so employed since March of 2008. As a Special Agent with HSI, my duties and responsibilities include conducting criminal investigations of individuals who have violated federal laws, particularly those laws found in Titles 8, 18, 19, and 21 of the United States Code. I have received training at the United States Immigration and Customs Enforcement Academy and at the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia.

2. The facts set forth in this affidavit are based on my personal knowledge, information obtained in this investigation from others, including other law enforcement officers, my review of documents and computer records related to this investigation, and information gained through training and experience. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included each and every fact known to me concerning this investigation, but have set forth only those facts necessary to establish probable cause that on or about May 28, 2026, within the Southern District of Florida, Temirzhan SHAKENOV did violate 18 USC § 2314, Interstate Transportation of Stolen Goods, and 18 USC § 659, Theft from an Interstate or Foreign Shipment.

## FACTUAL BACKGROUND

3. On or about May 28, 2026, the Boca Raton Police Department was notified of a package theft which occurred on May 28, 2026 at 2000 S. Ocean Boulevard, Boca Raton, Florida.

4. On May 28, 2026, Temirzhan SHAKENOV intercepted a FedEx driver, posed as the intended package recipient, and obtained the package.

5. According to records obtained by law enforcement, the package contained fourteen (14) Rolex watches and one (1) Omega watch, with a total value of approximately $210,600, including an Omega watch with serial number AB65716, model/reference Snoopy 310.32.42.50.02.001-2026 valued at $13,800.

6. According to the FedEx records, the package had a tracking number of 872315599045, and was shipped from Los Angeles, California to 2000 S. Ocean Blvd, Boca Raton, Florida.

7. Video footage obtained from 2600 S. Ocean Boulevard, Boca Raton, Florida revealed that on May 28, 2026, at approximately 10:25 am, a FedEx delivery truck entered the driveway at that location. A white Jeep Compass, bearing Florida license plate "96BJCL," pulled in behind the FedEx truck and parked in a handicap parking space. A white male emerged from the Compass, approached the FedEx truck, and engaged the FedEx driver in a conversation, before he returned to the Jeep Compass. The FedEx truck left the property and the Jeep Compass followed behind it.

8. Video footage obtained from 2000 S. Ocean Boulevard, Boca Raton, Florida, showed that, shortly thereafter, the FedEx truck arrive at 2000 S. Ocean Boulevard, Boca Raton, Florida, at approximately 10:30 am, followed by the white Jeep Compass, which backed into a parking space near the truck. The same white male got out of the Jeep Compass, met with the FedEx driver, and showed him something on his phone. The FedEx driver appeared to scan the phone, and hand the Jeep driver a package.

9. On May 28, 2026, the purchaser and intended recipient of the package reported the theft to the Boca Raton Police Department. That day, an officer responded to 2000 S. Ocean Boulevard, Boca Raton, Florida and spoke to the FedEx driver, who explained that he was

approached by the unknown male subject in a white Jeep Compass at 2600 S. Ocean Boulevard, Boca Raton, Florida, who asked if the FedEx driver had a package for Randy Gargiulo. The FedEx driver acknowledged that he did have a package for Randy Gargiulo, but advised the subject that he could not turn over the package, because 2600 S. Ocean Boulevard, Boca Raton, Florida was not the intended shipping address. The subject told the FedEx driver that he would meet him at 2000 S. Ocean Boulevard, Boca Raton, Florida to sign for the package.

10. The subject followed the FedEx driver to 2000 S. Ocean Boulevard, Boca Raton, Florida where he showed a driver's license, which the FedEx driver accepted using a portable verification device. According to the FedEx driver, the subject confirmed his last name was *Gargiulo*, provided the tracking number, and signed for the package. The subject subsequently obtained the package and departed the area. Because the FedEx driver believed the encounter was suspicious, he noted the subject's vehicle tag as "96BJCL," which matched the license plate captured by video surveillance.

11. Law enforcement spoke to the intended recipient, Randy Gargiulo, who stated that he ordered watches from Gazmo, LLC, a company located in Los Angeles, California. The watches were insured and Gargiulo already contacted the insurance company to file a claim.

12. According to law enforcement databases, Florida tag "96BJCL" was registered to a white Jeep Compass, that belonged to ACE Car Rental, located at Miami International Airport. ACE Car Rental records confirmed that Temirzhan SHAKENOV rented the white Jeep Compass, bearing Florida tag "96BJCL," from May 16, 2026, through May 28, 2026. ACE Car Rental records included SHAKENOV's California driver's license as well a phone number provided by SHAKENOV ending in "0042". SHAKENOV was the listed subscriber, according to subscriber information records.

13. Law enforcement searched additional databases which revealed SHAKENOV sold a Rolex watch to Nicholas Estate Buyers in Fort Lauderdale, FL. That Rolex was unrelated to the May 28, 2026, theft. Law enforcement subsequently interviewed the owner of Nicholas Estate Buyers who reported that on or about May 27, 2026, SHAKENOV arrived at the shop driving a white Jeep Compass and sold a Pepsi GMT Master II Steel Rolex (Serial Number K386230) and received $11,000 in cash for the sale. SHAKENOV provided his California driver's license and his phone number ending in "0042". As of the writing of this criminal complaint, the watch has not been reported stolen.

14. On or about June 29, 2026, law enforcement learned that on June 26, 2026, SHAKENOV sold a Rolex Submariner No Date, bearing serial number DP771381, at Koosh Jewelers, located in Hollywood, FL. On or about July 1, 2026, law enforcement responded to Koosh Jewelers, confirmed the serial number of the watch, and confirmed that the watch was one of the fifteen (15) watches in the package that was stolen on May 28, 2026. Law enforcement photographed the watch, and placed it on a hold. The sale slip for the watch notated SHAKENOV's name and fingerprint. The watch was sold for $7,000 in cash, with a stated value of $9,500.

15. The owner of Koosh Jewelers identified SHAKENOV in a photo lineup as the individual who sold the Rolex watch. The owner also noted that SHAKENOV came back on June 29, 2026, and tried to sell twelve (12) more watches. However, the owner and SHAKENOV could not agree on a price, so SHAKENOV left with all twelve (12) watches. The owner observed SHAKENOV wearing a Snoopy watch, which he tried to buy from SHAKENOV. A Snoopy Omega watch (Serial # AB65716) was on the inventory list as one of the stolen watches from May 28, 2026.

16. On or about July 6, 2026, the Boca Raton Police Department completed a fingerprint analysis, and conducted an Automated Fingerprint Identification System search using the ink impression on the Florida Pawnbroker Transaction Form from Koosh Jewelers on June 26, 2026. The fingerprint matched to SHAKENOV.

17. On or about August 29, 2026, U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations officers (ERO) encountered SHAKENOV at the Miami International Airport immediately after he disembarked a Southwest flight from Nashville, Tennessee to Miami, Florida. ICE ERO Officers approached SHAKENOV, and found three watches on his person, and approximately $45,763 in cash. One of the watches in SHAKENOV's possession was the Snoopy Omega watch (Serial #AB65716) from the theft on May 28, 2026. Law enforcement has not yet confirmed the serial numbers of the remaining two watches which were on SHAKENOV's person.

-- SPACE INTENTIONALLY LEFT BLANK --

18. Based upon the forgoing, I submit there is probable cause to believe that on or about May 28, 2026, in the Southern District of Florida, Temirzhan SHAKENOV did violate 18 USC § 659, Theft from an Interstate Shipment, and on or about August 29, 2026, in the Southern District of Florida, Temirzhan SHAKENOV did violate 18 USC § 2314, Interstate Transportation of Stolen Goods.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Louise Miller

SPECIAL AGENT LOUISE MILLER
HOMELAND SECURITY INVESTIGATIONS

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this 24th day of September, 2026.

Shaniek Maynard

HON. SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: Temirzhan Shakenov

**Case No**: ______________________________

Count #: 1

Theft from an Interstate Shipment

Title 18, United States Code, Section 659

* **Max. Term of Imprisonment**: 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000, or the greater amount authorized under 18 U.S.C. § 3571(d), including up to twice the gross pecuniary gain derived from the offense or twice the gross pecuniary loss resulting from the offense, if applicable
* **Special Assessment:** $100 upon conviction
* **Restitution:** Mandatory restitution to any identifiable victim who suffered pecuniary loss, pursuant to 18 U.S.C. §§ 3663A and 3664
* **Forfeiture:** Any applicable forfeiture as authorized by law and alleged in the charging instrument

Count #: 2

Interstate Transportation of Stolen Goods

Title 18, United States Code, Section 2314

* **Max. Term of Imprisonment**: 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000, or the greater amount authorized under 18 U.S.C. § 3571(d), including up to twice the gross pecuniary gain derived from the offense or twice the gross pecuniary loss resulting from the offense, if applicable
* **Special Assessment:** $100 upon conviction
* **Restitution:** Mandatory restitution to any identifiable victim who suffered pecuniary loss, pursuant to 18 U.S.C. §§ 3663A and 3664
* **Forfeiture:** Any applicable forfeiture as authorized by law and alleged in the charging instrument

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**